**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

------------------------------------------------------  **:**
JONATHAN BELANGER,                                **:**
GARRETT DAVIS, and ERIK                          **:**
MACINTYRE, Individually and on Behalf  **:**
of All Other Persons Similarly Situated,       **:**
                                                                    **:**          **COMPLAINT**
                              Plaintiffs,                    **:**
                                                                    **:**          <u>**JURY TRIAL DEMANDED**</u>
                              -against-                      **:**
                                                                    **:**           Case No.:
OCEAN STATE JOBBERS INC.,                  **:**
                                                                    **:**
                              Defendant.                   **:**
------------------------------------------------------  **:**

<u>**INTRODUCTION**</u>

Plaintiffs Jonathan Belanger, Garrett Davis, and Erik MacIntyre ("Plaintiffs"),

individually and on behalf of all other persons similarly situated, allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This action seeks to recover unpaid overtime compensation under the Fair Labor

Standards Act ("FLSA") for Plaintiffs and other current and former Area Team Leaders, and

similarly situated current and former employees holding comparable positions but different titles

(collectively, "ATLs"), employed by Defendant Ocean State Jobbers Inc. ("Defendant," "Ocean

State," or "the Company") within the United States, who worked more than 40 hours in any

given workweek from three years before the date this Complaint was filed until the entry of

judgment in this matter (the "Relevant Period"), and who elect to opt into this action pursuant to

29 U.S.C. § 216(b) (the "Collective").

2.      Plaintiffs allege that Ocean State has misclassified members of the Collective as

exempt under federal overtime laws, and members of the Collective are: (i) entitled to unpaid

wages from Defendant for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* for the Relevant Period.

3.      In addition, under the FLSA, Plaintiffs Belanger and Davis also bring a claim for themselves and as well as others similarly situated for overtime premium pay and liquidated damages during the period of time in which they were participating in Ocean State's ATL training program.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and one of the Plaintiffs resides in this District. Defendant regularly conducts business in this District.

6.      Venue is also proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

1.      Plaintiff Jonathan Belanger ("Belanger") is an individual residing in Bridgeport, Connecticut who was employed as an ATL at Defendant's store located in Derry, New Hampshire, from approximately April 2021 to June 2021, following a training period at the Ocean State stores in Portsmouth, New Hampshire, and Danvers, Massachusetts.

2.     Plaintiff Garrett Davis ("Davis") is an individual residing in Teaneck, New Jersey, who was employed as an ATL at Defendant's store located in Nanuet, New York from approximately August 2022 to December 2023, following a training period from mid-August 2022 to early September 2022 at an Ocean State store in Scranton Pennsylvania.

3.     Erik MacIntyre ("MacIntyre") is an individual residing in Sanford, Maine, who was employed as an ATL at Defendant's stores located in Sanford, Maine, and Milford, Maine, from August 2019 until October 2021.

4.     Defendant Ocean State Jobbers Inc. is a Rhode Island corporation with its headquarters and principal place of business in North Kingston, Rhode Island.  Defendant is the corporate parent of the entities, all of which are subsidiaries and affiliates of Defendant, that run and manage the Ocean State Job Lot retail store chain.  Directly and through those wholly-owned or affiliates, subsidiaries, and entities, it manages and oversees the operations of the chain,    and through those entities it operates in concert and together in a common enterprise for profit and with those entities bore such other relationships so that the actions of each may be imputed to the other, and/or they operate as joint employees within the meaning of the FLSA, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiffs and similarly situated employees to be subject to the unlawful wage theft and pay practices described in this Complaint.

5.     At all times relevant, Defendant has engaged in commerce or the production of goods for commerce within the meaning of Section 3 of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for

commerce by any person.  Further, upon information and belief, Defendant has had gross revenues exceeding $500,000 for all relevant periods.

6.     At all times relevant, Defendant employed Plaintiffs and all similarly situated employees.

7.     At all times relevant, Plaintiffs and all similarly situated employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8.     Defendant jointly suffered, permitted, or directed the work of Plaintiffs and similarly situated employees, and Defendant benefited from the work performed by Plaintiffs and similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

9.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action (the "FLSA Collective") on behalf of all persons who are or were formerly employed by Defendant as an ATL at any time from March 28, 2021, to until the date of trial in this case (the "Collective Action Period").

10.     In addition, Plaintiffs Belanger, and Davis and, pursuant to 29 U.S.C. § 207, also seek to prosecute their FLSA claims as a collective action (the "ATL Training Collective") on behalf of all persons ("ATL Trainees") who are or were formerly employed by Defendant who from March 28, 2021, until the date of trial (a) have trained for ATL positions at Ocean State Job Lot stores operated by Defendant, and (b) have not received overtime pay when they worked more than 40 hours per week during that training period.

11.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate the Plaintiffs and other ATLs and ATL Trainees in the FLSA and ATL Training Collectives.

12.     There are many similarly situated current and former Ocean State Job Lot ATLs and Trainee ATLs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, Notice should be sent to them pursuant to 29 U.S.C. § 216(b).

13.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located though Defendant's records.

## PLAINTIFFS' WAGE AND HOUR ALLEGATIONS COMMON TO THE CLAIMS OF PLAINTIFFS AND THE FLSA AND ATL TRAINEE COLLECTIVES

14.     Plaintiffs worked for Ocean State as ATLs for the dates set forth above.

15.     Defendant was and is an "employer" of Plaintiffs, and the members of FLSA and ATL Trainee Collectives and within the meaning of the FLSA, 29 U.S.C. § 203(d).

16.     Defendant utilizes non-exempt employees, including Plaintiffs, and the members of the FLSA and ATL Trainee Collectives in furtherance of its business purposes.

17.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203.

18.     Defendant maintained and maintains control, oversight, and discretion over the operation of its Ocean State Job Lot retail stores, including their employment practices with respect to Plaintiffs and the FLSA ad ATL Training Collectives.

19.     At all times relevant, Defendant was an employer of Plaintiffs, the members of the FLSA and the ATL Training Collectives, as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

## FACTUAL ALLEGATIONS REGARDING THE ATL TRAINEES
## IN THE ATL TRAINING COLLECTIVE

20.     Defendant has required Plaintiffs Belanger and Davis, and the ATL Training Collective, hired as, or promoted to, ATLs to proceed through a training program for the ATL position.

21.     To train employees to become ATLs at Defendant's stores, Defendant uses standardized management training program, in which Plaintiffs Belanger and Davis, and the ATL Training Collective, participated.

22.     During training for the ATL position, Plaintiffs Belanger and Davis and the ATL Training Collective's primary duties were not management. Rather, ATL Trainees' primary duties were to orient themselves to the ATL positions by learning Defendant's policies, practices and procedures.  All ATL Trainees observed and followed ATL and other employees in the store, including primarily following and doing non-exempt work alongside non-exempt associates such as:

- Stocking, including in back room and from the back room to shelves pursuant to planograms;

- Recovering aisles;

- Customer service;

- Handling shopping carts, including getting carts from the lot;

- Emptying Ubots;

- Answering phones;

- Taking out trash;

- Helping on the register and counting tills

- Customer service

- Receiving training from Store Managers;

- Attending and participating in training meetings;

- Completing training exercises in the "management" training program materials; and

- Learning, reading and studying policies, and procedures on Defendant's computer resources.

23.     Plaintiffs Belanger and Davis and the ATL Training Collective did not perform the duties of exempt management employees.  For example, while training for ATL positions, they:

- Did not have authority to hire or fire other employees nor were their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status given particular weight.

- Did not train employees;

- Did not set or adjust employees' rates of pay and hours of work;

- Did not recommend employees for promotion or demotion;

- Did not handle employee complaints or grievances;

- Did not determine techniques to be used in the stores;

- Did not control the flow or distribution of materials or merchandise;

- Did not maintain production or sales records;

- Did not plan or control the budget; and

- Did not monitor or implement legal compliance measures.

24.     While training for the ATL position, Plaintiffs Belanger and Davis and the ATL Training Collective did not customarily and regularly exercise discretion and independent

judgment over matters of significance.

25. Plaintiffs Belanger and Davis and the members of the ATL Training Collective performed similar training duties as set forth herein, used standardized training materials issued by Defendant, and were subject to Defendant's "management" training program.

26. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiffs Belanger and Davis and the members of the ATL Training Collectives as exempt employees while working in the "management" training program, and did not pay them overtime compensation for hours worked over 40 hours in a workweek.

27. ATL Trainees consistently and uniformly worked in excess of 50 hours per week at Defendant's stores and additional time away from the stores reading, studying, and completing training exercises.

28. Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of ATL Trainees when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

29. Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs Belanger and Davis and similarly situated ATL Trainees worked. Defendant did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each store. Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs Belanger and Davis and other similarly situated ATL Trainees (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

## FACTUAL ALLEGATIONS REGARDING ATLs IN THE FLSA COLLECTIVE

30.    As ATLs, Plaintiffs and the FLSA Collective's primary duties were not management. Their duties as a salaried ATLs did not differ substantially from the duties of non-exempt hourly paid store employees.  Rather, the tasks that Plaintiffs and members of the FLSA Collective regularly and primarily performed as ATLs includes and included but is not limited to such non-exempt tasks as:

- Stocking, including in back room and from the back room to shelves, pursuant to planograms, restocking the yellow space, fill in stock, and unloading the truck;;

- Recovering aisles;

- Customer service;

- Handling shopping carts, including getting carts from the lot;

- Emptying Ubots;

- Answering phones;

- Taking out trash;

- Helping on the register and counting tills

- Customer service

31.    Plaintiffs and the FLSA Collective did not primarily perform the duties of exempt management employees.  For example, they:

- Did not have the authority to hire or fire other employees,
  nor were their suggestions and recommendations as to the hiring, firing,
  advancement, promotion, or any other change of status given particular weight.

- Did not set or adjust employees' rates of pay and hours of work;

- Did not recommend employees for promotion or demotion;

- Did not handle meaningful employee complaints or grievances;

- Did not determine techniques to be used in the stores;

- Did not control the flow or distribution of materials or merchandise;

- Did not maintain production or sales records;

- Did not plan or control the budget; and

- Did not monitor or implement legal compliance measures.

32.     As ATLs, Plaintiffs and the FLSA Collective did not customarily and regularly exercise a meaningful degree of independent discretion with respect to the exercise of their duties. Their primary duties were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

33.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiffs and the members of the FLSA Collectives as exempt employees and did not pay them overtime compensation for hours worked over 40 hours in a workweek.

34.     ATLs consistently and uniformly worked in excess of 50 hours per week at Defendant's stores.

35.     Upon information and belief, Defendant did not perform a person-by- person analysis of the job duties of ATLs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

36.     Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs and similarly situated ATLs worked.  Defendant did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each store.  Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs and other similarly situated ATLs (who

were not paid overtime) to work more than 40 hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation.  This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

## WILFULLNESS AND LACK OF GOOD CAUSE
## ALLEGATIONS AS TO THE COLLECTIVES

37.     In classifying and treating Plaintiffs and the members of the FLSA and ATL Trainee Collectives as exempt employees, Defendant willfully within the meaning of the FLSA violated the rights of Plaintiffs and the FLSA and ATL Trainee Collectives.

38.     Defendant's misclassification decision and its practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's policies with respect to time editing and time rounding resulted from knowing or reckless executive decisions.  Defendant acted willfully and knew or should have known, by virtue of the fact that their Store Managers and District Managers (as their authorized agents) actually saw Plaintiffs and the other members of the FLSA and ATL Trainee Collectives perform primarily manual labor and non-exempt duties, that Plaintiffs, ATL Trainees, and ATLs were misclassified under the FLSA.

39.     As an experienced and practical retailer operating over 150 Ocean State Job Lot stores, Defendant was aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiffs, ATLs trainees and ATLs were primarily performing non-exempt duties and were not performing activities that would suffice to make their actual job duties comply with any FLSA exemption.  Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA, it accordingly acted willfully or recklessly, and lacked good cause, in failing to classify Plaintiffs and other similarly situated ATL Trainees and

ATLs as non-exempt employees.

40.     By denying Plaintiffs, and the members of the FLSA and ATL Trainee Collectives overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal law, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

41.     Moreover, Defendant's overtime compensation payment, and general wage compensation payment, obligations were clearly known by Defendant, but nonetheless willfully and intentionally disregarded. Federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it, which includes the language that the employer must pay "OVERTIME PAY" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40 in a workweek."[1]  Defendant posts and has posted the notices required to be posted under the FLSA which each contain language outlining Defendant's overtime compensation requirements.

42.     By complying with state and federal overtime payment notice posting requirements, but nevertheless by not paying overtime compensation as required by these overtime payment notices, Defendant indisputably knew of the overtime requirements of the

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed Jan. 3, 2024) (emphasis original).

FLSA, or acted in reckless disregard for whether Plaintiffs and members of the FLSA and ATL Training Collectives were entitled to overtime compensation.

43. In addition, Defendant classification of assistant store managers has previously been challenged as a willful attempt to circumvent the FLSA, but Defendant has nevertheless continued to so classify them. Among other lawsuits, in *Morrison v. Ocean State Jobbers*, Inc., No. 3:09-cv-1285 (AWT) (D. Conn.), a case that was extensively litigated. Defendant previously agreed in 2017 to pay a gross total of approximately $1,915,000 in overtime back wages and other damages as a result of its alleged misclassification of assistant store managers.

44. Defendant--a sophisticated employer with very clear notice of the federal law respecting assistant manager classification, given the previous suits for violations of this very federal law and having agreed to pay out many hundreds of thousands of dollars as a result of its assistant manager misclassification classification and practices–has nonetheless continued to willfully and intentionally misclassify assistant store managers (now termed ATLs) and not pay them the legally required overtime compensation.

45. Accordingly, as part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA with respect to Plaintiffs and the members of the FLSA and ATL Training Collectives. This policy, pattern and practice includes, but it is not limited to, Defendant's knowledge of its obligations under the FLSA, and the kind of work that Plaintiffs and the members of the Collectives were and have been actually performing.

46. As a result, Defendant has:

    a. willfully misclassified Plaintiffs and the members of the Collectives as exempt from the overtime requirements of the FLSA;

    b.   willfully failed to pay Plaintiffs and the members of the Collectives overtime wages for hours they worked in excess of 40 hours per week; and

    **c.**   willfully failed to provide enough money in their store-level labor budgets for Defendant's non-exempt employees to perform their duties and responsibilities, thereby forcing Defendant's exempt-ATL Trainees and exempt-ATLs to perform such non-exempt tasks.

47.    Inasmuch as Defendant's violation of the FLSA was willful within the meaning of the FLSA and inasmuch Defendant's classification decision was not made in good faith within the meaning of the FLSA, Plaintiffs and the members of the FLSA and ATL Collectives are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260 for a period of three years prior to the time that they join this action pursuant to 29 U.S.C. § 255.

## FIRST CAUSE OF ACTION:
### (FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES)
### <u>(Brought on Behalf of Plaintiffs and All Members of the</u>
### <u>FLSA and ATL Training Collectives)</u>

48.    Plaintiffs, on behalf of themselves and all members of the FLSA and ATL Training Collectives, re-allege and incorporate by reference all prior paragraphs as if set forth fully herein.

49.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

50.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).  See attached Exhibits A, B and C.

51.    The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq*., apply to Defendant.

52.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay premium overtime compensation to its Training ATLs and ATLs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

53.     As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the members of the FLSA and ATL Training Collectives, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

54.     As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the members of the FLSA and ATL Training Collectives, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

55.     As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for their stores, Defendant knew or recklessly disregarded the fact that Plaintiffs and the members of the FLSA and ATL Training Collectives were primarily performing manual labor and non-exempt tasks.

56.     Due to Defendant's' (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the members of the Collective, (c) actual knowledge that the primary duties of Plaintiffs and the members of the FLSA and ATL Training Collectives were manual labor and other non-exempt tasks, and (d) failure to perform a person-by-person analysis of Plaintiffs' and the FLSA

and ATL Training Collectives' members' job duties to ensure that they were performing primarily exempt job duties, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

57.     As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the FLSA and ATL Training Collective members, are entitled to (a) recover from Defendant unpaid wages for all of the hours worked, (b) as premium overtime compensation recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

58.     Defendant's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the members of the FLSA and ATL Training Collectives are entitled to and pray for the following relief:

      a.  Designation of this action as an FLSA collective action on behalf of Plaintiffs and the members of the FLSA and ATL Training Collectives and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA and ATL Training Collectives, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

16

    c.   An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

    d.   An award of liquidated and punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

    e.   An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

    f.   An order requiring Defendant and their prior attorneys to preserve all evidence and discovery produced in the *Morrison* case referenced above;

    g.   An award of prejudgment and post-judgment interest;

    h.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiffs;

    i.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: March 28, 2024

                                 /s/ Richard L. O'Meara
                                 Richard L. O'Meara
                                 MURRAY, PLUMB & MURRAY
                                 77 Pearl Street, P.O. Box 9785
                                 Portland, ME 04104-5085
                                 Tel: (207) 773-5651
                                 romeara@mpmlaw.com
                                 www.mpmlaw.com

Seth R. Lesser*
Christopher M. Timmel*
Jessica Rado*
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Tel: (914) 934-9200
www.klafterlesser.com

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, NY 10016
Tel: (212) 545-1199
https://www.hgrlawyers.com

Sam J. Smith*
Loren B. Donnell*
BURR & SMITH LLP
9800 4th Street North
St. Petersburg, FL 33702
Tel: (813) 253-2010
www.burrandsmithlaw.com

*Pro Hac Vice applications to be filed*

**Counsel for Plaintiffs**