UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN BELANGER et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | )  No. 2:24-cv-00103-NT |
| | ) |
| OCEAN STATE JOBBERS INC., | ) |
| | ) |
| Defendant | ) |

**ORDER ON MOTION FOR CONDITIONAL CERTIFICATION**[1]

The Plaintiffs[2] in this matter claim that their former employer Ocean State Jobbers Inc. violated the Fair Labor Standards Act (FLSA) by improperly classifying them and other Area Team Leads as exempt from overtime compensation. *See* Complaint (ECF No. 1); 29 U.S.C. §§ 207(a)(1), 213(a)(1). They now move to conditionally certify a collective FLSA action and to provide notice of the action to potential opt-in members. *See* Motion (ECF No. 41); 29 U.S.C. § 216(b). Because I conclude that the Plaintiffs have met the lenient standard for conditional certification and notification, I grant their motion.

---

[1] The "majority view" of courts is that a motion for conditional certification under 29 U.S.C. § 216(b) is "a nondispositive matter within a magistrate judge's authority" to resolve. *Lecinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1125-26 (D. Nev. 2021) (collecting cases); *see also, e.g.*, *Macklin v. Biscayne Holding Corp.*, No. 19-561WES, 2020 WL 6397929, at *2 (D.R.I. Nov. 2, 2020); *Poreda v. Boise Cascade, LLC*, 532 F. Supp. 2d 234, 238 (D. Mass. 2008).

[2] For simplicity, in referring to the Plaintiffs, I am referring to both the named plaintiffs and the opt-in plaintiffs.

1

## I. Background

The following facts come from the Plaintiffs' pleadings and declarations. *See* Complaint; ECF Nos. 41-3 to 41-11; ECF Nos. 46-1 to 46-2.

Ocean State is a Rhode Island corporation that operates over 150 retail stores throughout the Northeast. The Plaintiffs were employed by Ocean State as Area Team Leads (ATLs) at various times between 2019 and 2024 at various stores in Maine, New Hampshire, Massachusetts, Vermont, Connecticut, New York, New Jersey, and Pennsylvania.

Ocean State's job description for ATLs is largely identical regardless of store location, and it maintains policies and directives that apply uniformly to all ATLs. ATLs receive standardized training and do not require any additional training when transferred to a different store. Ocean State classified its ATLs as salaried employees exempt from overtime compensation under the FLSA until March 31, 2025, at which point Ocean State began paying its ATLs on an hourly basis.

The Plaintiffs aver that notwithstanding their classification as exempt employees, they routinely worked more than forty hours per week performing largely the same nonexempt tasks as hourly employees: loading trucks, accepting shipments, stocking shelves, providing customer service, corralling shopping carts, answering phones, emptying trash, and operating cash registers. They describe any managerial tasks they performed as ATLs as infrequent and rote where they had no authority to set store policies; select products or set prices; or formally hire, fire, discipline, or promote employees.

## II. Discussion

### A. Conditional Certification

The FLSA requires employers to pay employees at a higher rate for hours worked in excess of the standard forty-hour work week. *See* 29 U.S.C. § 207(a)(1). But the FLSA exempts from this overtime compensation requirement "any employee employed in a bona fide executive, administrative or professional capacity." 29 U.S.C. § 213(a)(1). As relevant here, an exempt executive employee is defined as an employee (1) who is compensated on a salary basis; (2) whose primary duty is the management of the employing enterprise or a subdivision thereof; (3) who customarily and regularly directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose recommendations as to such employment actions are given particular weight. *See* 29 C.F.R. § 541.100(a).

Employees may seek to recover unpaid overtime compensation from their employer through a collective FLSA action with other "similarly situated" employees. 29 U.S.C. § 216(b). "District Courts within the First Circuit" use a "two-step process" to evaluate collective actions under the FLSA. *Giguere v. Port Res., Inc.*, No. 2:16-cv-58-NT, 2016 WL 6996133, at *2 (D. Me. Nov. 30, 2016).[3] At the first step,

---

[3] Ocean State invites me to abandon this two-step certification procedure in favor of the Fifth Circuit's approach in *Swales v. KLLM Transport Services*, 985 F.3d 430, 434 (5th Cir. 2021), which requires district courts to more "rigorously scrutinize the realm of 'similarly situated' workers" at the "outset of the case" rather than "after a lenient, step-one 'conditional certification.'" I decline Ocean State's invitation in "light of the weight of authorities from courts in the First Circuit and elsewhere" that adhere to the two-step certification procedure. *Drake v. Tufts Assoc. Health Maint. Org.*, No. 19-11876-FDS, 2021 WL 2767308, at *3 n.3 (D. Mass. Feb. 12, 2021); *see also Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 89 (1st Cir. 2022) (recognizing, even while citing *Swales*, that district courts "have developed a loose consensus regarding conditional certification procedures" that "entails a lenient review of the pleadings, declarations, or other limited evidence" at the first step

3

plaintiffs must "make a modest factual showing" through their pleadings and affidavits that they and others with similar "jobs suffered from a common unlawful policy or plan." *Id.* at *3 (cleaned up).[4] If the plaintiffs meet this "fairly lenient" burden, "the court may" conditionally certify the collective action and "approve of an appropriate notice that invites other similarly situated employees to opt into the collective action." *Id.*. At the second step, "generally after discovery, the defendant may move for decertification," at which point the court will decide whether the employees who have opted in are in fact similarly situated. *Giguere*, 2016 WL 6996133, at *3.

The Plaintiffs here seek conditional certification of a FLSA collective comprised of current and former Ocean State employees who have worked as ATLs at any time since March 28, 2021. I conclude, based on the facts outlined above, that the Plaintiffs have satisfied the relatively lenient standard for conditional certification and notice of this collective because they have shown through their pleadings and declarations that all Ocean State ATLs are similarly situated in their job duties and compensation and that they were subject to the same potentially unlawful classification as exempt employees where, according to them, their primary duties were not managerial in nature.

---

(cleaned up)); *Vye v. Hannaford Bros. Co.*, No. 2:24-cv-00339-NT, 2025 WL 2640068, at *2 (D. Me. Sept. 15, 2025) (applying the "two-step approach to certification" in a recent FLSA collective action).
[4] I am also not persuaded by Ocean State's argument that the Plaintiffs should be held to a higher standard because the parties have already had an opportunity to take some discovery. *See* Opposition at 7; *cf. Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 365-66 (D. Me. 2010) (declining to skip the lenient conditional certification stage even where some discovery had already occurred in the case).

Ocean State submits competing declarations from current ATLs, makes legal arguments about the propriety of its classification of ATLs as exempt employees, and challenges the suitability of a collective action. *See* Opposition (ECF No. 44) at 7-15; ECF Nos. 44-2 to 44-5. But these arguments are premature at this lenient first stage and fail to demonstrate that conditional certification is inappropriate. *Giguere*, 2016 WL 6996133, at *5 ("[An employer's] factual and legal arguments are premature at the first stage of conditional certification."); *Levecque v. Argo Mktg. Grp.*, No. 2:14-cv-00218-JAW, 2015 WL 3672647, at *16 (D. Me. June 12, 2015) ("[D]uring this first stage, where the Court is only considering conditional class certification, [the Court does] not need to make findings of fact with respect to contradictory evidence presented by the parties . . . ." (cleaned up)). Once the opt-in period has closed and discovery is complete, Ocean State may raise the same arguments in a motion to decertify the class, at which time the parties will have the information they need to litigate whether the plaintiffs are in fact similarly situated and whether the claims and defenses at issue are conducive to a collective action. *See Vye*, 2025 WL 2640068, at *6 (noting that is only "at the *second* stage of the certification process" that "courts consider the factual and employment settings of the individual plaintiffs, their individualized defenses, and the degree of fairness and procedural impact of certifying the action as a collective action" (cleaned up)).

Accordingly, because the Plaintiffs have made the requisite showing, I conditionally certify the collective as follows: All persons now or formerly employed

by Ocean State Jobbers Inc. as Area Team Leaders on a salary-paid basis at any time from March 28, 2021, until the entry of a final order in this action.[5]

## B. Notice

I now turn to notice of the collective action. The Plaintiffs ask that Ocean State be ordered to provide them with an Excel spreadsheet listing the names of current or former employees who fall within the collective, along with their mailing addresses, email addresses, phone numbers, positions worked during the relevant time period, and dates of employment in each position. *See* Motion at 13. They provide a proposed order together with a draft notice that would be sent to potential opt-in members of the collective via mail and email. *See* ECF No. 41-1. They further indicate that they want to send a reminder notice and to have notice of the collective action be posted in Ocean State stores. *See* Motion at 14.

Apart from its opposition to conditional certification, Ocean State does not object to providing the information about potential opt-in members of the collective in the format that the Plaintiffs request. *See* Opposition at 15-16. But it does argue that the Plaintiffs' proposed notice is unreasonably one-sided and suggest various edits to the notice language. *See id.*; ECF No. 44-1. It also requests an opportunity to meet and confer with the Plaintiffs about the notice. *See* Opposition at 15.

---

[5] Ocean State does not specifically object to the Plaintiffs' proposed description of the collective, so I have adopted that description except that I have added the caveat about the ATLs being paid on a salary basis in response to the Plaintiffs' indication that, as of March 31, 2025, Ocean State now pays its ATLs on an hourly basis.

The Plaintiffs accuse Ocean State of requesting a meet and confer as a delay tactic, and also take issue with its edits of their proposed notice on the basis that those edits constitute overlength briefing.  *See* Motion at 13 & n.6; Reply at 6-7.

I understand the Plaintiffs' frustrations about delay, but it does seem to me that the best way to cut through these disagreements is for the parties to meet and confer about the content and distribution procedures of the notice to potential opt-in members of the collective.  *See Vye*, 2025 WL 2640068, at *7 (conditionally certifying a collective FLSA action but requiring the parties to meet and confer regarding the content and distribution procedure of the notice).  Accordingly, I will order Ocean State to provide the Plaintiffs (or an agreed-upon notice administrator) the electronic list as requested but defer ruling on the content and distribution procedures of the notice for a brief two-week period to allow the parties to meet and confer.  The parties are strongly encouraged to be cooperative and practical in attempting to reach a compromise.  Ideally, the parties will submit a joint proposed order and notice for my consideration, but if they are unable to reach agreement, they may submit competing proposed orders and notices, which I will endeavor to resolve as promptly as possible.

### III.  Conclusion

For the foregoing reasons, the Plaintiffs' motion is **GRANTED** and the following FLSA collective is hereby conditionally certified: All persons now or formerly employed by Ocean State Jobbers Inc. as Area Team Leaders on a salary-paid basis at any time from March 28, 2021, until the entry of a final order in this action.  Ocean State is **ORDERED**, by October 10, 2025, to provide the Plaintiffs an

7

Excel spreadsheet listing the names of current or former employees who fall within the collective, along with their mailing addresses, email addresses, phone numbers, positions worked during the relevant time period, and dates of employment in each position. Finally, the parties are **ORDERED** to meet and confer regarding the content of and distribution procedure for the notice of the collective action and file a joint proposed order and notice—or competing proposed orders and notices, if they are unable to agree—by October 10, 2025.

    **SO ORDERED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

    Dated: September 26, 2025

                                        /s/ Karen Frink Wolf
                                        United States Magistrate Judge